[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 13, 1994, the plaintiff, Jaguar Credit Corporation, filed a complaint against the defendant, Edward A. Karber, arising out of a motor vehicle lease whereby the defendant allegedly remains indebted to the plaintiff as a result of the defendant's alleged default. On December 27, 1994, the defendant filed an answer, special defenses and counterclaims. The defendant alleges estoppel as the first special defense and breach of the covenant of good faith and fair dealing as the second special defense. In the counterclaims, the defendant alleges that the plaintiff violated the Connecticut Unfair Trade Practices Act (CUTPA) set forth as General Statutes § 42-110a et seq. (count one). Count one incorporates by reference the defendant's first special defense and CT Page 12052 then adds a paragraph stating that CUTPA was thereby violated. The defendant further alleges that the plaintiff violated the Connecticut Creditor's Collection Practices Act set forth as General Statutes § 36-243a et seq., and the regulations promulgated thereunder, set forth as Conn. Agencies Regs. §§ 36-243c-1 et seq. (count two); committed a breach of the covenant of good faith and fair dealing (count three); violated the Federal Fair Debt Collection Practices Act set forth as 15 U.S.C. § 1692 et seq. (count four); and is liable due to misrepresentation (count five).
On March 14, 1995, the plaintiff filed a motion to strike and a supporting memorandum. The plaintiff moves to strike counts one and four on the grounds that count one fails to adequately allege a CUTPA claim and that count four fails to adequately allege a Federal Fair Debt Collection Practices violation. The defendant filed a memorandum of law in opposition on July 12, 1995. On July 31, 1995, at short calendar, count four was stricken by the agreement of the parties. The motion to strike count one of the defendant's counterclaim remains in dispute.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). A trial court's review on a motion to strike "does not include . . . the legal conclusions or opinions stated in the complaint." S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796,631 A.2d 340 (1993). "The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems, Inc.v. BOC Group, Inc., supra, 224 Conn. 215. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded."RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2.,650 A.2d 153 (1994).
"A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,
supra, 224 Conn. 215. "If facts provable under the allegations would support a defense or a cause of action, a motion to strike must be denied." RK Constructors, Inc. v. Fusco Corp., supra,231 Conn. 384. CT Page 12053
The plaintiff first argues that the defendant fails to adequately allege a CUTPA claim because the defendant did not specify that the plaintiff engaged in unfair or deceptive acts or practices in the conduct of any trade or commerce as required by General Statutes § 42-110b(a). The defendant counters that he has sufficiently alleged an unfair or deceptive act by the plaintiff and bases his argument upon the alleged misrepresentation by Jaguar concerning the terms upon which he would return the vehicle. The defendant states that "any misrepresentation by Jaguar pursuant to which Karber was detrimentally led into returning his leased vehicle . . . may constitute an unfair or deceptive business practice." (Defendant's Memorandum of Law in Opposition, p. 4).
The Connecticut Unfair Trade Practices Act, General Statutes § 42-110(b)(a), provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." In determining whether certain acts constitute a violation of this act, courts "have adopted certain criteria set out in the cigarette rule by the federal trade commission . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]."Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 591,657 A.2d 212 (1995). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one criteria or because to a lesser extent it meets all three. . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice or a practice amounting to a violation of public policy."Associated Investment Co. Ltd. Partnership v. Williams AssociatesIV, 230 Conn. 148, 156, 645 A.2d 505 (1994).
"A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., supra, 32 Conn. App. 797. To recover damages under CUTPA, a party must meet two threshold requirements. "First, he must establish that the conduct at issue constitutes unfair or deceptive trade practice. Second, he must present evidence providing the court with a basis for a reasonable CT Page 12054 estimate of the damages suffered." Rizzo Pool Co. v. Del Grosso,232 Conn. 666, 684 n. 28, 657 A.2d 1087 (1995). "To justify a finding of unfairness the injury must satisfy three tests. It must be substantial; it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and it must be an injury that consumers themselves could not reasonably have avoided." Williams Ford Inc. v. Hartford CourantCo., supra, 232 Conn. 592. "An act or practice is considered deceptive under CUTPA if it has tendency or capacity to deceive."Shell Oil Co. v. Wentworth, 822 F. Sup. 878, 884-85, (D.Conn. 1993).[1]
In the present case, count one alleges in pertinent part that the defendant informed Jaguar that he "became unemployed and believed he would be unable to continue to meet his monthly obligations under the lease." (Special Defenses, p. 3.) The defendant alleges that, in a telephone conversation with Jaguar to discuss the various options available to him regarding the lease, he "was told that he could return the vehicle to Jaguar for a disposition/handling fee, the size of which would be dependent upon the condition of the vehicle upon its return. . . ." (Special Defenses, p. 3.) In addition, the defendant claims that, after he had returned the vehicle in "excellent condition," "Jaguar informed [him] that the vehicle had been sold and that [he] owed Jaguar approximately $15,000 to cover the balance allegedly remaining on [his] account with Jaguar." (Special Defenses, pp. 3, 4.)
The defendant has not sufficiently alleged a CUTPA claim because he has not specified that the plaintiff engaged in unfair or deceptive acts or practices as required by General Statutes § 42-110a et seq. and caselaw. Therefore, the plaintiff's motion to strike count one of the defendant's counterclaim is granted.
Howard F. Zoarski, Judge